UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BYRD, II,<br>Plaintiff,<br>v.<br>SACRAMENTO POLICE DEPARTMENT, *et al.*,<br>Defendants. | Case No. 2:26-cv-1930-TLN-JDP (P)<br><br>ORDER |

Plaintiff, proceeding pro se, brings this action under section 1983 and alleges that Sacramento County and the Sacramento Police Department violated his rights by arresting him without probable cause at the Sacramento International Airport. ECF No. 1 at 2. The complaint fails to state a cognizable claim against either defendant. I note that plaintiff also names an indeterminate number of "Doe" defendants in the body of the complaint, but these allegations are also inadequate to proceed for two reasons. First, no "Doe" defendant can be served until they are identified. Second, plaintiff has not distinguished between the "Doe" defendants by describing what action each took in the alleged violation of his rights. I will dismiss the complaint with leave to amend so that plaintiff may remedy these deficiencies. Additionally, I will grant his application to proceed *in forma pauperis*. ECF No. 8.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff alleges that, on an unspecified date, an unknown number of "Doe" law enforcement officers detained him at the Sacramento International Airport for twelve hours on the basis that he was under the influence of some intoxicant. ECF No. 1 at 2-3. The complaint

provides no contextual details and is primarily a recitation of statutory and other legal authorities. No section 1983 claim can proceed against either Sacramento County or the Sacramento Police Department. To proceed against a county or municipal defendant, a claimant must allege that some policy or custom contributed to the alleged violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff has failed to do so.

Plaintiff's claims against the "Doe" defendants are non-cognizable because he does not differentiate between them by describing what each did or failed to do in allegedly violating his rights. And, as explained above, no "Doe" defendant can be served until he or she is identified.

Plaintiff's complaint is dismissed with leave to amend so that he may address these deficiencies. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Amended Complaint." If he fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute and to follow court orders.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 8, is GRANTED.

IT IS SO ORDERED.

Dated: September 8, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE